IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOU YONG YEE XIONG,

                Petitioner,                ORDER

   v.

                                         20-cv-230-jdp

UNITED STATES OF AMERICA,            17-cr-66-jdp

                Respondent.

---

In October 2017, defendant Tou Yong Yee Xiong pleaded guilty to possessing methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possessing a firearm to further a drug trafficking offense, 18 U.S.C. § 924(c). In January 2018, I sentenced Xiong to a total of 84 months for both counts. Xiong did not file an appeal. In December 2019, Xiong filed a pro se motion to modify his sentence under 18 U.S.C. § 3582(c)(2) and § 1B1.10 of the sentencing guidelines, which I denied after concluding that Xiong was not entitled to relief under the provisions he cited.

Now Xiong has filed another pro se motion, this time asserting that his sentence was imposed contrary to law because his guilty plea was not knowing and voluntary. I am construing it as a petition for relief under 28 U.S.C. § 2255. In his petition, Xiong says that his plea was involuntary because the government failed to give him "real notice of the true nature [of] the essential elements of the plea agreement negotiations." Dkt. 1, at 1. But he does not explain what specific aspects of the plea agreement he lacked notice of, or how that lack of notice rendered his plea involuntary. *See United States v. Bradley*, 381 F.3d 641, 645–46 (7th Cir. 2004) (discussing factors relevant to determining whether a defendant fully understood the nature of the charge to which he admitted guilt). Under Rule 2 of the Rules Governing

Section 2255 Proceedings, Xiong must state the grounds for relief he is asserting, the specific facts supporting each ground, and the relief he is requesting. Xiong will need to supplement his petition with the information required by Rule 2 before I can consider it.

There is another problem with Xiong's petition: untimeliness. Under 28 U.S.C. § 2255(f)(1), Xiong had until one year after the date his judgment of conviction became final—or until January 24, 2019—to file his petition. That one-year deadline may be extended if the government prevented the petitioner from filing earlier, if the Supreme Court has recognized a new constitutional right, or if the petitioner has discovered new facts supporting his claim, 28 U.S.C. § 2255(f)(2)–(4), but nothing in Xiong's petition suggests that this case involves one of those situations. That means that Xiong's petition is untimely unless he can show that his is one of the rare cases in which equitable tolling of the limitations period is warranted. *Mayberry v. Dittmann*, 904 F.3d 525, 529 (7th Cir. 2018). To qualify, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*

A review of Xiong's petition shows that it is unlikely that he will be able to satisfy the high bar for equitable tolling. Nonetheless, I will give Xiong an opportunity to show cause why his claims are not barred from habeas review by the one-year statute of limitations under 28 U.S.C. § 2255(f)(1).

ORDER

IT IS ORDERED that petitioner Tou Yong Yee Xiong has until July 1, 2020, to (1) clarify the basis for his substantive claim that his guilty plea was involuntary in accordance with Rule 2 of the Rules Governing Section 2255 Proceedings; and (2) show cause why his

2

claims should not be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f)(1).

Entered June 9, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge