IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TOU YONG YEE XIONG,

                 Petitioner,                                 ORDER

    v.

                                                        20-cv-230-jdp
UNITED STATES OF AMERICA,                          17-cr-66-jdp

                 Respondent.

---

In October 2017, defendant Tou Young Yee Xiong pleaded guilty to possessing methamphetamine with intent to distribute and possessing a firearm to further a drug trafficking offense. I imposed an 84-month sentence. On January 24, 2018, and Xiong did not file an appeal. More than two years later, on March 9, 2020, Xiong filed a pro se motion to vacate his sentence, which I construed as a petition for relief under 28 U.S.C. § 2255. He asserted that his plea hadn't been knowing and voluntary because the government failed to give him full notice of the plea agreement, but he didn't explain what specific aspects of the plea agreement he lacked notice of or how that lack of notice rendered his plea involuntary. I gave Xiong a short deadline to file a supplement clarifying the basis of his petition. Dkt. 2. I also noted that Xiong's petition was untimely by more than a year. *See* 28 U.S.C. § 2255(f)(1). I asked Xiong to address in his supplement whether this is one of the rare cases in which equitable tolling of the limitations period might be warranted.

Xiong has responded to my order, Dkt. 5, but his response does not provide the information I requested. He again asserts that he was not given "real notice of the count(s) placed against him" or "informed of the critical elements," but he fails to identify what specific counts or elements he wasn't given notice of. *Id.* at 1. He says that the prosecutor "deceived

the grand jury" by "altering[] the statutory language of . . . a criminal statute . . . to correspond with proof at the grand jury proceeding," but he doesn't explain what language he believes was altered or how he knows this to be the case. *Id.* Xiong's conclusory allegations do not state a ground for habeas relief.

Even if Xiong did raise a potential habeas claim, I would dismiss his petition as untimely. In his supplement, Xiong says that he "is diligently pursuing his rights" and that he has established "extraordinary circumstances," *id.* at 2, but he provides no explanation or detail to support these assertions. Xiong also says that "these types of unlawful, unconstitutional violations can be brought up at any time," *id.*, but that is not correct. Xiong's petition is untimely by more than a year, and he has failed to show that he is entitled to equitable tolling.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless Xiong makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Xiong has not made a showing, substantial or otherwise, that he is entitled to relief. Because reasonable jurists would not debate whether a different result is required, I will not issue Xiong a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Tou Yong Yee Xiong's motion under 28 U.S.C. § 2255 is DENIED.

2. Xiong is DENIED a certificate of appealability. If Xiong wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered July 23, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge